[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The plaintiff, Rita Pepe, alleges that she sustained personal injuries when she fell while a customer at the defendant's retail premises located in Orleans, Massachusetts, on August 28, 1993. The plaintiff was at the time of her fall and still is a resident of Connecticut.
The defendant has filed a motion to dismiss on jurisdictional grounds. First, the defendant claims that Connecticut's long arm statute, § 33-411 does not subject it to the jurisdiction of CT Page 4856 the court's of this state under the circumstances of this case. Second, the defendant argues that even if § 33-411 is applicable, the defendant does not have those "minimum contact" with Connecticut so as to make jurisdiction of the Connecticut courts constitutionally permissible on due process grounds. Finally, the defendant claims that even if jurisdiction is statutorily and constitutionally permissible, this case should be dismissed pursuant to the doctrine of "Forum Non Conveniens".
In making its argument that Connecticut's long arm statute does not confer jurisdiction in this state, the defendant relies upon §§ 33-411(b) and 33-411(c) of the Connecticut General Statutes. However, the documents produced by the plaintiff in response to the motion to dismiss, establish that the defendant, prior to the date of the plaintiff's alleged injury, obtained a certificate of authority to transact business in Connecticut and appointed CT Corporation System, as its agent for service of process. Therefore, the applicable section of the Connecticut long arm statute is § 33-411(a). Service was properly made on the defendant's designated agent for service of process.
Nevertheless, the defendant claims that even under § 33-411(a), the action must in some way arise out of business transacted in this state by a foreign corporation. Such requirement is contained in §§ 33-411(b) and 33-411(c), but not in 33-411(a). The defendant maintains that the court should interpret 33-411(a) so as to contain such a requirement, and relies on Lombard Bros. Inc. v. General Asset Management Co.,190 Conn. 245 (1983). In the court's opinion, the defendant's reliance upon Lombard is misplaced, and indeed the Appellate Court has held to the contrary Wallenta v. Ives Rent A Car System,Inc., 10 Conn. App. 201, 207-208 (1987).
Therefore, the service of process upon the defendant was in accordance with § 33-411(a) and sufficient to confer jurisdiction upon it from a statutory standpoint.
The next inquiry, however, is whether assertion of personal jurisdiction under the circumstances of this case offends due process. When a defendant which has been subjected to service of process pursuant to our long arm statute challenges jurisdiction in a motion to dismiss, the plaintiff has the burden of proving facts establishing the requisite minimum contacts to support jurisdiction. Standard Tallow Corp. v. Jowdy, 190 Conn. 48
(1983). CT Page 4857
"Whether sufficient minimum contacts exist for a court to have jurisdiction is clearly dependent on the facts of each particular case. Like any standard that requires a determination of `reasonableness', the `minimum contacts' test of InternationalShoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite `affiliating circumstances' are present." Id. at p. 52.
In connection with the defendant's motion to dismiss, there was no evidentiary hearing held, nor did the parties request one. However, documents were submitted by the plaintiff, the genuineness of which were not challenged by the defendant. On the basis of the parties' memoranda of law, documents submitted and oral argument the court believes that a sufficient factual record was established.
The accident is alleged to have occurred on August 28, 1993 on the defendant's premises in Orleans, Massachusetts. The plaintiff was and is a Connecticut resident. June of 1993, the defendant filed an application for authority to conduct business in Connecticut and appointed an agent for service of process. On May 27, 1993 or July 15, 1993, the defendant executed a lease in which it was the lessee of 41,580 square feet of retail space in Manchester, Connecticut. The lease commencement date was between August 15, 1993 and September 15, 1993 and it was to run for 20 years. The defendant began advertising in the Hartford Courant on September 22, 1993 and has continued to do so through the present. As of December of 1993, the defendant had advertised both its Massachusetts stores and its Connecticut store in the Manchester Journal Inquirer. The defendant maintains a Connecticut telephone listing.
In the opinion of the court, the defendant maintained such `minimum contacts' with the State of Connecticut such that assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Prior to the date of the alleged injury, the defendant became authorized to do business in Connecticut and leased premises in Connecticut so as to establish a retail outlet servicing Connecticut customers. Advertising, though subsequent to August 28, 1993, certainly supports a reasonable inference that the defendant intended to expose Connecticut residents not only to its Connecticut store, but also to stores in Massachusetts and elsewhere. CT Page 4858
In the opinion of the court, assertion of jurisdiction by the State of Connecticut does not, under the circumstances of this case, offend due process.
Finally, the defendant moves to dismiss the action pursuant to the doctrine of "forum non conveniens".
The Connecticut Supreme Court has stated that invocation of the doctrine of forum non conveniens is a "drastic remedy" and that, unless the balance of interests is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Picketts v. International Playtex, Inc., 215 Conn. 490,500-01 (1990). The issue involved is not whether another forum might be better than the one chosen, but rather whether the plaintiff's chosen forum is inappropriate or unfair due to the various private and public interest considerations involved. Id.
at p. 501.
With respect to private interests, the defendant documents that 13 of its employees were on duty at the time of the plaintiff's fall and has provided an affidavit on one such employee who would be able to testify as to the condition of the floor where the plaintiff claims to have fallen. The defendant asserts that, in a trial in Connecticut, any such witness would not be within the scope of compulsory process. Of course, it would be logical to believe that such a witness, if still in the employ of the defendant at the time of trial, would be within the power of the defendant to produce without the necessity of compulsory process.
The plaintiff counters by maintaining that both she and her husband, a witness, and the majority of her treating physicians are in Connecticut.
The defendant bears the burden of persuading the court that the chosen forum is inconvenient for its potential witnesses. Id.
at p. 509. Certainly, travel between Massachusetts and its adjoining State of Connecticut with today's methods of modern transportation cannot be considered inconvenient or burdensome. Also, as was pointed out by the court in Pickett at p. 511, the advent of videotaped deposition has "greatly transformed the meaning of `compulsory process' in a forum non conveniens calculus."
Additionally, the defendant has not identified any public CT Page 4859 interests which would justify the court in rejecting the plaintiff's choice of forum.
Therefore, having considered all of the grounds asserted by the defendant in support of its motion for the reasons set forth above, the motion to dismiss is denied.
Thompson, J.